**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHAN JOE JONES,

    Petitioner,                                                      Case No. 08-11183
                                                                       Honorable Denise Page Hood

v.

KENNETH McKEE,

    Respondent.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION,**
**ORDER DISMISSING HABEAS ACTION**
**AND ORDER NOT ISSUING CERTIFICATE OF APPEALABILITY**

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation, dated March 14, 2011 [Doc. No. 14]. Petitioner's Objections were filed with the Court on April 4, 2011 but were placed in the prison mail system on March 30, 2011. Petitioner's Objections are timely filed. 29 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d); Fed. R. Civ. P. 6(d).

On July 1, 1999, Petitioner was convicted of first degree premeditated murder and conspiracy to commit murder. Petitioner was sentenced to mandatory life. After filing a direct appeal to the Michigan Court of Appeals, Petitioner's conviction was reversed on July 17, 2001. The prosecution's leave to appeal the Court of Appeals' decision was granted by the Michigan Supreme Court on April 12, 2002. The Michigan Supreme Court reversed the Court of Appeal's decision and remanded the matter back to the Court of Appeals to address the issue of the admissibility of the autopsy photographs. On remand, the Court of Appeals denied Petitioner's claim relating to the admission of the autopsy photographs on August 19, 2003. The Michigan Supreme Court denied

Petitioner's leave to appeal the Court of Appeals' decision on January 27, 2004.

On June 29, 2004, Petitioner filed a habeas petition in this Court, which was voluntarily dismissed on January 24, 2005. Petitioner returned to the trial court on a motion for relief of judgment under M.C.R. 6.508(D). The motion was denied on January 9, 2006. Petitioner's application for leave to appeal the trial court's decision was denied on December 6, 2006 by the Court of Appeals. The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 10, 2007. Petitioner filed a habeas petition under 28 U.S.C. § 2254 with this Court on March 19, 2008, raising 15 claims which are set forth in the Report and Recommendation.

## II.     APPLICABLE LAW & ANALYSIS

### A.     Standard of Review

The standard of review employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C.§ 636(b)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must have filed objections to the Report and Recommendation within fourteen days of service of a copy of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B.     Report and Recommendation

The Magistrate Judge recommends that the Court deny Petitioner's writ because he is not entitled to habeas relief. The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the prosecutorial misconduct claim. Petitioner argues that the Magistrate Judge erred in his recommendation because Petitioner was actually prejudiced in the use of the polygraph examination. The Court accepts the Magistrate Judge's conclusion that the Michigan Supreme Court applied the correct test in finding that Petitioner's rights under the Due Process Clause were not violated as to the prosecutor's reference to a witness having passed a polygraph examination. The Michigan Supreme Court held that the prosecutor's conduct did not prejudice Petitioner because of the "invited response" doctrine set forth in *United States v. Young,* 470 U.S. 1 (1985). The defense raised the fact that Petitioner had been given a polygraph examination but the other evidence presented was strong enough to outweigh any prejudice Petitioner may have suffered from the prosecutor's comments. Petitioner's objections on this issue are overruled.[1]

The Court also agrees with the Magistrate Judge's conclusion that the Michigan Court of Appeals' determination that the evidence was sufficient to establish premeditation and conspiracy was a reasonable application of the law and the facts. Petitioner objects to the Magistrate Judge's recommendations as to the issues of premeditation and conspiracy arguing that the evidence was insufficient to establish premeditation and conspiracy. Viewing the evidence in light most favorable to the prosecution, a rational trier of fact could conclude that Kim Martin's invitation that Petitioner continue the assault of the victim, Petitioner's vow to "get" and "hurt" the person who stole his television and both Martin and Petitioner believing that the victim was the thief, are sufficient to

---

[1] The prosecutor objected to the defense raising the polygraph issue. In response to the objection, the trial judge ruled the issue would be cured. The prosecutor thereafter continued to refer to the polygraph issue which was improper.

establish premeditation. Petitioner had sufficient opportunity to take a "second look" before engaging in the assault of the victim as noted by the Magistrate Judge. Petitioner's actions in agreeing to continue the assault of the victim was sufficient to establish that Petitioner and Martin conspired to murder the victim given the viciousness of the assault on the victim. Petitioner's objections as to the premeditation and conspiracy issues are overruled.

As to the claim that the trial court erred in admitting certain graphic photographs of the victim, the Magistrate Judge was correct in finding that the trial court's application of the evidentiary laws did not violate the United States Constitution. Petitioner objects to this finding arguing that the photographs were prejudicial and had no probative value. The Court overrules this objection finding that the Michigan Court of Appeals' reasoning that the photographs were relevant regarding Petitioner's intent to kill the victim and not merely to harm the victim was a reasonable application of the evidentiary rules and did not violate the United States Constitution.

Regarding the remaining claims, the Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to habeas relief because Petitioner defaulted on these claims. The Court further agrees with the Magistrate Judge that Petitioner has failed to demonstrate cause to disregard the applicable state procedural rule or failed to show actual prejudice.

### III.     CERTIFICATE OF APPEALABILITY

The Antiterrorism and Effective Death Penalty Act, Section 2253 states, "[a] certificate of appealability may issue.. only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons set forth above and in the Report and Recommendation, Petitioner failed to make a substantial showing that his constitutional rights were violated. A certificate of appealabiity will not issue in this case.

**IV.     CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Michael Hluchaniuk's March 14, 2011 Report and Recommendation [**Doc. No. 14**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Petitioner's Objections to the Report and Recommendation **[Doc. No. 15]** are OVERRULED.

IT IS FURTHER ORDERED that this habeas action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2011

I hereby certify that a copy of the foregoing document was mailed to Jonathan Jones #121447, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 and the attorneys of record on this date, April 13, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager, (313) 234-5165